UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-35-HRW

JUDY A THOMAS,                                                                    PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for social security disability benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges disability beginning on October 25, 2a005, due to low back pain in her left hip, hands and knees and lumbar degenerative disease (Tr. 140). Therein began what the Defendant astutely describes as a "protracted legal battle", including duplicate applications for disability benefits and multiple hearings. The most recent administrative hearing was conducted by Administrative Law Judge

Roger L. Reynolds (hereinafter "ALJ"), on February 12, 2003, wherein Plaintiff, accompanied by counsel, testified (Tr. 832-861). At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified (Tr. 861-868).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 27, 2003, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 799-804). At Step 1 of the sequential analysis, the ALJ found

that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 805). The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease of the cervical and lumbar spine, asthma secondary to nicotine abuse, fibromyalgia, migraine headaches, mild stenosis of the proximal internal carotoid artery, borderline intellectual function, an affective disorder not otherwise specified, anxiety disorder, a personality disorder and a conversion disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 805). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 805). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 806) but determined that she has the residual functional capacity ("RFC") to perform light work with the following limitations:

> [S]he requires a sit/stand option with no prolonged standing or walking in excess of 45 minutes without interruption. She must have limited operation of foot pedal controls and cannot push or pull with the upper extremities. She can occasionally climb, balance, stoop, crouch, kneel and crawl. She can engage in only limited overhead reaching. She can tolerate limited exposure to temperature extremes, dust, fumes or chemicals. She should not be exposed to hazardous machinery or vibration. In making occupational adjustments, she has a fair (satisfactory) ability to follow work rules, relate to co-workers, tolerate the public, use judgment and interact with supervisors. She has fair to poor (i.e. limited but not totally precluded) ability to function independently, a

> good (more than satisfactory) ability to maintain attention and concentration, and poor ability to tolerate work stress. In making performance adjustments, she has poor to no ability to understand, remember and carry out complex job instructions; poor ability to understand, remember and carry out detailed, but not complex work instructions; and fair ability to understand, remember and carry out simple job instructions. Her ability to make personal and social adjustments is as follows: she has fair ability to maintain her personal appearance, behave emotionally stably, and fair to poor ability to relate predictably socially and to demonstrate reliability.

(Tr. 805-806).

The ALJ, relying upon the testimony of the VE, finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 806). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.     **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to give controlling weight to the findings of the Plaintiff's treating physicians, (2) the ALJ did not properly assess Plaintiff's

credibility and (3) the ALJ disregarded the testimony of the VE.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to give controlling weight to the findings of the Plaintiff's treating physicians, Dr. Bal Bansal and Dr. Timothy Grosser. In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff relies upon the April 17, 2002 letter from Dr. Bansal to Plaintiff's counsel in which Dr. Bansal opines that Plaintiff is "totally and permanently disabled." However, this opinion carries no weight as it was rendered after the relevant period of inquiry. Plaintiff's insured status expired on December 31, 2001 (Tr. 430). Therefore, in this case, Plaintiff must establish she became disabled on or before December 31, 2001.

Moreover, even if the opinion were to relate back, it is to be disregarded. It

is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where there is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Thus, the ALJ was correct in disregarding these conclusory remarks.

As for Dr. Grosser, Plaintiff argues that there is no indication that the ALJ considered his opinion, despite the fact that he treated Plaintiff for two years and found her to be disabled. Again, it is for the ALJ to determine disability - not the treating source. Furthermore, Dr. Grosser completed a "physical capacities evaluation" form which appears to have been generated by the insurer MetLife, wherein he indicated that Plaintiff was all but incapacitated (Tr. 575). Yet, the form is devoid of any reference to diagnostic tests, clinical findings or other medical data. The Court finds no error in the ALJ's consideration of the opinions of Plaintiff's treating sources.

Plaintiff's second claim of error is that the ALJ did not properly assess her credibility. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the

opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ's found that Plaintiff's subjective complaints were disproportionate to the medical evidence and, thus, not fully credible (Tr. 805). Plaintiff argues that her conversion disorder, which the ALJ determined to be severe, causes her to believe she suffers real physical complaints in excess of the objective findings but that this condition should not cause the ALJ to discount her credibility. However, the ALJ's assessment appears to be consistent with the credible medical evidence of record and Plaintiff's own testimony regarding her daily activities (Tr. 802). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). The Court finds the ALJ's assessment of Plaintiff's credibility to be supported by substantial evidence on the whole record.

Finally, Plaintiff asserts that the ALJ disregarded the testimony of the VE. Specifically, Plaintiff claims that the VEs in both the subject and previous hearing

testified that there were no jobs Plaintiff could perform (Tr. 404-408 and 867-868) and that the ALJ ignored this testimony. This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). As Defendant points out, the ALJ did not "disregard" this portion of the VEs' testimony, but disagreed with the hypotheticals upon which it was based. The hypotheticals in question were posed by Plaintiff's council and included limitations which were, as discussed above, not based upon credible, objective medical evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This January 10, 2006.



Signed By:
**Henry R Wilhoit Jr.**
United States District Judge